**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHARITY LYN BEVERLY,   Case No. 1:11-cv-41

     Plaintiff,   Beckwith, J.
                                   Bowman, M.J.

   v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Charity Beverly filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents three claims of error for this Court's review. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

In December 2006, Plaintiff filed an for application Supplemental Security Income (SSI) alleging a disability onset date of January 1, 1997, due to both physical and mental impairments. After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). On October 26, 2009, an evidentiary hearing was held, at which Plaintiff was represented by counsel. (Tr. 26-64). Robert Breslin, a vocational expert, also appeared and testified. On November 17, 2009, ALJ Paul Yerian denied Plaintiff's application in a written decision. (Tr. 9-21).

The record on which the ALJ's decision was based reflects that Plaintiff was 33

years old at the time she filed her application, and had a tenth grade education. (Tr. 19, 33). Plaintiff had past relevant work as a cashier and fast food worker. (Tr. 23). Plaintiff last worked in 2000 as a cashier at a gas station. (Tr. 34).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "bipolar disorder; right leg length discrepancy; obesity; scoliosis with mechanical low back pain; patello-femoral joint disease on the right." (Tr. 11). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1, and Plaintiff does not specifically argue that the ALJ erred in that conclusion before this Court. (Tr. 12). The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following exceptions:

> She can occasionally climb stairs, balance, stoop, crouch, kneel, and crawl. The claimant is limited to simple, repetitive tasks in an environment with no high production quotas, heavy production demands, or rapid-pace work. The claimant can have no more than frequent interaction with the public

(Tr. 14). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that, while the Plaintiff is unable to perform her past relevant work, she can nonetheless perform jobs that exist in significant numbers in the national economy. (Tr.19-20). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. (Tr. 21).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff first argues that the ALJ erred in formulating Plaintiff's RFC. Plaintiff argues next that the

ALJ erred in evaluating Plaintiff's credibility and subjective complaints.  Lastly, Plaintiff asserts that the ALJ erred by not according controlling weight to the opinions of Plaintiff's treating physician.  As discussed below, the Court finds the ALJ's decision is supported by substantial evidence.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act.  *See* 42 U.S.C. §1382c(a).  Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted).  In conducting this review, the court should consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because

> substantial evidence exists in the record to support a different conclusion. . .. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

### B. Specific Errors

At the outset, the Court notes that Plaintiff's statement of errors consists solely of unsupported and conclusory allegations, and fails to develop her arguments in support of the alleged errors committed by the ALJ in any meaningful way. The Court has no obligation to search the record to develop and support the arguments of the parties. *See Hollon ex rel. Hollon v.. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006). Rather, the Court's review is limited to the specific issues the parties raise. *Id.* Plaintiff's

conclusory allegations fail to identify or sufficiently explain whether the record contains evidence that is inconsistent with the ALJ's findings. In any event, the Court will nonetheless address the specific errors alleged by Plaintiff.

*1. The ALJ's RFC Finding*

Plaintiff's first assignment of error alleges that the ALJ failed to consider the combined effect of Plaintiff's psychological and physical impairments in formulating Plaintiff's RFC. Plaintiff further asserts that the ALJ's hypothetical question to the vocational expert did not fully account for Plaintiff's impairments. Plaintiff's assertions are unavailing.

Plaintiff offers no evidence or argument in support of her assertion that the "ALJ failed to look at the limitations of the combination of psychological and physical impairments," nor does she explain how the ALJ erred in this regard. (Doc. 12 at 5). The Commissioner argues that Plaintiff's arguments should be deemed as waived due to her failure to offer any supporting rationale or explanation in support of her assertions. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.").

Even assuming Plaintiff's arguments are not waived, Plaintiff's assertions are not well-taken. The undersigned agrees that Plaintiff's unsupported and conclusory assertions cannot be sustained, but also finds that the ALJ's decision clearly indicates that he considered the combined effect of Plaintiff's impairments. (*See* Tr. 12-13). The ALJ expressly refers to a "combination of impairments" in finding that Plaintiff does not meet any

of the Listings. (Tr. 12). *See also Loy v. Sec'y of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir.1990) ( "An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings."). The ALJ's decision also indicates that he considered whether Plaintiff's impairments met Listings 1.02(A), 1.04(A), 12.04 and 12.05 and thoroughly explained his rationale for concluding that she did not meet any of those Listings. The ALJ also indicated that he considered Plaintiff's obesity in combination with her other impairments. Further, Plaintiff fails to cite to the record with respect to this argument or alert the Court to the specific impairments that the ALJ allegedly neglected to consider. *See Hollon*, 447 F.3d at 491.

Plaintiff's assertion that the ALJ's hypothetical question to the vocational expert failed to accurately account for Plaintiff's impairments is similarly flawed. Plaintiff does not identify what limitations the ALJ failed to include in his hypothetical or what limitations should have been included. *See Casey v. Sec'y of Heath & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (The ultimate burden of proof rests on Plaintiff to show that he is disabled). Plaintiff notes that the ALJ's hypothetical question to the vocational expert included a limitation of "no work involving frequent interaction with the public," however, the ALJ's RFC assessment limited Plaintiff to "no more than frequent interaction with the public." (Tr. 14, 59). Plaintiff fails to explain the significance of this distinction in relation to her ability to perform a significant number of jobs in the regional and national economy.

As noted by the Commissioner, the hypothetical question to the vocational expert - on which the ALJ's job numbers were based - was more favorable to Plaintiff than the

residual functional capacity in the ALJ's decision. (Tr. 14, 20, 59-60). *See Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 845 (6th Cir. 2005) (a residual functional capacity different from the hypothetical question given to the vocational expert is not reversible error when the hypothetical question is more favorable than the residual functional capacity). Here, the ALJ's RFC assessment is substantially supported by the record, and it is clear that there are jobs that exist in significant numbers that Plaintiff can perform based upon the testimony of the vocational expert. *Id.* Accordingly, Plaintiff's first assignment of error is not well-taken and should be overruled.

### 2. Plaintiff's Credibility

Plaintiff's second assignment of error asserts that the ALJ erred in finding that Plaintiff's testimony was not fully credible. Plaintiff asserts that her testimony is supported by complaints she gave to her treating physician. (Tr. 172-184, 275-302, 303-337, 338-44). Plaintiff's assertion lacks merit.

It is the province of the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers* v. *Comm'r of Social Sec*, 486 F.3d 234, 247 (6th Cir. 2007) (citations omitted). In light of the Commissioner's opportunity to observe the individual's demeanor, the Commissioner's credibility finding is entitled to deference and should not be discarded lightly. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). In evaluating complaints of disabling pain, the fact-finder will first examine "whether there is objective medical evidence" that "confirms the severity of the alleged pain" or "can reasonably be expected to produce the alleged disabling pain." *Walters v. Comm'r of Social Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "[I]f disabling severity cannot be shown by objective medical evidence alone, the Commissioner will also consider other factors, such

as daily activities and the type and dosage of medication taken." *Id.* (citing 20 C.F.R. §404.1529(c)(3)).[1]

In this case, the ALJ's credibility determination comports with agency regulations and controlling law. Notably, the ALJ's decision indicates that he properly considered the medical evidence of record, Plaintiff's testimony including her subjective limitations and complaints of pain, and her daily activities. Specifically, the ALJ noted that Plaintiff failed to demonstrate "most of the signs typically associated with chronic, severe pain, such as muscle atrophy, spasm, rigidity, or tremor," or "evidence of persistent neurological deficits." (Tr. 16-17). The ALJ also noted that Plaintiff only sought a treatment from a chiropractor for back pain*,* and she no longer attends such treatments. (Tr. 17). Although Plaintiff complained of panic attacks when in public at the administrative hearing, the record did not contain any such complaints to mental health professionals. The ALJ also noted that Plaintiff takes her children to therapy sessions, socializes with her friends, takes care of her pets, watches television, and performs light household chores. *Id.* Accordingly, the undersigned finds that the ALJ carefully considered Plaintiff's testimony and complaints of pain, and properly found that there was no objective evidence to support Plaintiff's allegations. (Tr. 16-18). *See also Walters*, 127 F.3d at 531.

Citing *Cohen v. Sec'y of HHS*, 964 F.2d 524 (6th Cir. 1992), Plaintiff argues that a

---

[1] The regulations provide that the ALJ's credibility decision must include consideration of the following factors: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96-7p.

claimant may be found disabled solely on the basis of pain.  (Doc. 12 at 6).  However, as pointed out by the Commissioner, the Sixth Circuit in *Cohen* "recognized that '[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability.'" 964 F.2d at 529 (citing 42 U.S.C. § 423(d)(5)(A) (1988)).  As detailed above, the ALJ's credibility analysis included the consideration of several factors.  Moreover, other than a lump citation to several pages of the record, Plaintiff fails to cite to any specific evidence or clinical findings to support her claimed limitations and complaints of disabling pain.  *See Hollon*, 447 F.3d at 491.

In sum, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence.  *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible.  The ALJ's credibility finding is entitled to deference and thus should be affirmed.  *See Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003).

### 3. *Weight to the treating physician*

Plaintiff's final argument asserts that the ALJ erred in failing to give controlling weight to the opinion of her treating psychiatrist, Dr. Koblenzer.  In October 2009, Dr. Koblenzer completed a Mental Impairment Questionnaire wherein he indicated that he sees Plaintiff about once every three months for a half an hour.  (Tr. 339).  He listed a diagnosis of BAD (bipolar affective disorder) and assigned Plaintiff a GAF score of 75.  (Tr. 339).  Dr. Koblenzer indicated that Plaintiff had a "very good response to mediation and treatment."  *Id.*  However, he also found that Plaintiff was seriously limited or unable to meet competitive

standards in some mental abilities and aptitudes for various types of work . (Tr. 341-42). Dr. Koblenzer further determined that Plaintiff would have difficulty working at a regular job on a sustained basis based on her subjective reports of ongoing sluggishness and poor motivation; her napping up to two hours a day without medication; and her mood instability and alleged significant trouble with memory, concentration, and follow-through. (Tr. 343). He also believed that Plaintiff would be absent about four days per month. (Tr. 343).

The ALJ gave "some weight" to Dr. Koblenzer's findings that Plaintiff responded well to medication and to his findings that are consistent with Plaintiff's RFC. (Tr. 18). However, the ALJ rejected Dr. Koblenzer's limitations that rendered Plaintiff unable to perform sustained gainful activity. The ALJ noted that Dr. Koblenzer's opinion that Plaintiff is unable to work was based, in part, on her self-report of her limitations. (Tr. 18). The ALJ determined that Dr. Koblenzer's "conclusions and findings are not supported by the sparse clinical notes and observations in the record and are belied by the clinical report from Dr. Chiappone." (Tr. 18). Upon careful review, the undersigned finds the ALJ's decision to be substantially supported in this regard.

In evaluating the opinion evidence, "[t]he ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley v. Commissioner Of Social Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Wilson* v. *Commissioner,* 378 F.3d 541, 544 (6th Cir. 2004)). If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and

extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Wilson*, 378 F.3d at 544; *see also* 20 C.F.R. § 404.1527(d)(2). An ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] [the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(d)(2); *but see Tilley v. Comm'r of Soc. Sec.*, No. 09–6081, 2010 WL 3521928, at *6 (6th Cir. Aug. 31, 2010) (indicating that, under *Blakely* and the good reason rule, an ALJ is not required to explicitly address all of the six factors within 20 C.F.R. § 404.1527(d)(2) for weighing medical opinion evidence within the written decision).

Thus, the opinions of treating and examining sources are generally entitled to more weight than opinions of consulting and non-examining sources. 20 C.F.R. § 404.1527(d); see *also West v. Comm'r Soc. Sec. Admin.*, 240 Fed. Appx. 692, 696 (6th Cir. 2007) (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981)) ("[R]eports from treating physicians generally are given more weight than reports from consulting physicians ...."). However, an ALJ need not credit a treating physician opinion that is conclusory and unsupported. *See Anderson v. Comm'r Soc. Sec.*, 195 Fed. Appx. 366, 370 (6th Cir. 2006) ("The ALJ concluded, properly in our view, that the [treating physician's] treatment notes did not support and were inconsistent with his conclusory assertion that appellant was disabled."); *see also Kidd v. Comm'r of Soc. Sec.*, 283 Fed. Appx. 336, 340 (6th Cir. 2008) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994)) (holding that an ALJ need not credit a treating physician's conclusory opinions that are inconsistent with other evidence).

Furthermore, the Commissioner reserves the power to decide certain issues, such

as a claimant's residual functional capacity. 20 C.F.R. § 404.1527(e). Although the ALJ will consider opinions of treating physicians "on the nature and severity of your impairment(s)", opinions on issues reserved to the Commissioner are generally not entitled to special significance. 20 C.F.R. § 404.1527(e); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

Here, Plaintiff appears to argue that the ALJ erred in discounting Dr. Koblenzer's opinion, in part, because it was based on Plaintiff's self-reports. Although Plaintiff fails to cite to any part of the record to develop this argument, the undersigned agrees that a psychiatric assessment should not be discounted *solely* because it is based upon a Plaintiff's self-reports. *See Blankenship v. Bowen,* 874 F.2d 1116, 1121 (6th Cir.1989) (emphasis added). In this case, the ALJ noted that Dr. Koblenzer's findings were based, in part, on Plaintiff's self-report that she is unable to work. However, the ALJ rejected Dr. Koblenzer's disabling restrictions because they were not supported by his treatment notes and were inconsistent with other record evidence. (Tr. 28). Contrary to Plaintiff's assertion, the ALJ's decision indicates that he properly considered Dr. Koblenzer's disabling limitations in accordance with agency regulations and controlling law.

First, the ALJ properly discounted Dr. Koblenzer's extreme limitations because they were not supported by clinical findings or his treatment notes and were also inconsistent with other record evidence. As detailed above, Dr. Koblenzer's October 2009 assessment found that Plaintiff had a "very good response to medication management." (Tr. 18, 339). Dr. Koblenzer further determined that Plaintiff was only moderately limited in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace. (Tr. 18, 342). Dr. Koblenzer also assigned Plaintiff a Global Assessment of

Functioning (GAF)[2] score of 75, which is indicative of "no more than slight impairment in social, occupational, or school functioning (e.g., temporarily falling behind in schoolwork)." (Tr. 18). *See also* DSM-IV-TR at 34.

Furthermore, Dr. Koblenzer's treatment notes generally relate to changes in Plaintiff's personal and family life *(i.e* "fiancé looking for work" and "daughter pregnant"), and fail to include any objective evidence or clinical findings.[3] (*See* Tr. 304, 306). As such, the ALJ reasonably rejected Dr. Koblenzer's extreme limitations. *See Cutlip*, 25 F.3d at 287 (ALJ not required to credit conclusions regarding a claimant's functional capacity that are not substantiated by objective evidence). *See also Render v. Sec'y of Health & Human Servs.*, Case No. 88–5535, 1989 WL 34104, at *3 (6th Cir. April 3, 1989) (proper to discount treating physician's opinion which was internally inconsistent). In light of the foregoing, the undersigned finds that the ALJ gave "good reasons" for rejecting Dr. Koblenzer's findings, and such reasons are substantially supported. *See Wilson*, 378 F.3d at 544 (The ALJ must articulate "good reasons" for not giving weight to a treating physician's opinion and such reasons must be based on the evidence of record).

Next, contrary to Plaintiff's unsupported assertion, the ALJ did not err in crediting the

---

[2] A GAF score represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed., text rev. 2000). The GAF score is taken from the GAF scale, which "is to be rated with respect only to psychological, social, and occupational functioning." *Id.* The GAF scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id.* at 34.

[3] Objective medical evidence consists of medical signs and laboratory findings as defined in 20 C.F.R. § 404.1528(b) and (c). *See* 20 C.F.R. § 404.1512(b)(1). "Signs" are defined as "anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques. Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception. They must also be shown by observable facts that can be medically described and evaluated." 20 C.F.R. § 404.1528(b).

findings of Dr. Chiappone, a state agency psychologist, who examined Plaintiff in July 2007, as well as the findings of the state agency reviewing psychologists. (Tr. 225-29, 246, 266). Upon examination, Dr. Chiappone diagnosed cannabis dependence (in recent remission), mood disorder (not otherwise specified (NOS)), and borderline intellectual functioning. Dr. Chiappone assigned Plaintiff a (GAF) score of 51, which indicates moderate symptoms or difficulty functioning. He determined that Plaintiff could understand simple one and two-step job instructions, and was moderately impaired in her ability to remember such; was mildly impaired in her ability to maintain concentration and attention; mildly impaired in her ability to relate to co-workers, supervisors, and the public (as her anxiety and depression would interfere); moderately impaired in her ability to carry out and persist over time (due to a mood disorder); and that she had moderately reduced stress tolerance. (Tr. 228). As noted by the Commissioner, Dr. Chiappone's findings are generally consistent with the ALJ's RFC finding and Plaintiff fails to cite to evidence to the contrary.

Again, Plaintiff fails to cite to any particular testimony, identify a single physician, or otherwise point the Court to any specific evidence that she argues was not properly considered by the ALJ. In light of Plaintiff's failure to provide any citations to the record at all in support of her arguments that the ALJ erred in weighing the medical evidence, Plaintiff's arguments fail.

For these reasons, Plaintiff has failed to meet her burden of proving that her condition caused disabling limitations. The record contains substantial evidence in support of the ALJ's assessment of Plaintiff's ability to work and his finding that her allegations were not totally credible. Upon review, the Court finds that substantial evidence supports the ALJ's findings and his conclusion that Plaintiff is not disabled

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

                                          *s/Stephanie K. Bowman*
                                          Stephanie K. Bowman
                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARITY LYN BEVERLY,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:11-cv-41

Beckwith, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).